**NOT FOR PUBLICATION**

MAR 25 2011

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JULIETA ESCOBAR SUAREZ, | No. 09-71298 |
| Petitioner, | Agency No. A096-052-807 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2011[**]

Before:     FARRIS, O'SCANNLAIN, and BYBEE, Circuit Judges.

Julieta Escobar Suarez, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's decision denying her application for cancellation of removal.

Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for substantial

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

evidence the BIA's continuous physical presence determination, *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 618 (9th Cir. 2006), and review de novo claims of constitutional violations in immigration proceedings, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the BIA's determination that Escobar Suarez's expedited removal order prevented her from accruing the continuous physical presence required for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1); *Juarez-Ramos v. Gonzales*, 485 F.3d 509, 511-12 (9th Cir. 2007) (an expedited removal order interrupts accrual of continuous physical presence for purposes of cancellation of removal).

We lack jurisdiction to review her challenge to her expedited removal order. *See* 8 U.S.C. § 1252(a)(2)(A); *Avendano-Ramirez v. Ashcroft*, 365 F.3d 813, 818-19 (9th Cir. 2004). Her contention that the removal statute is unconstitutional as applied to her is not persuasive.

We also lack jurisdiction to review Escobar Suarez's due process claim regarding her 1998 departure because she did not raise it before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part**.